**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jami Auerbach, | No. CV-23-00222-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Cincinnati Financial Group, et al., | |
| Defendants. | |

On May 15, 2023, Plaintiff Jami Auerbach filed a pro se Complaint against Cincinnati Financial Group and seven additional "affiliated" Defendants, alleging claims for trespass and vandalism. (Doc. 1.) Plaintiff has also submitted an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2.)

**I.    *In Forma Pauperis***

The Court may allow a plaintiff to proceed without prepayment of fees, or *in forma pauperis*, when it is shown by affidavit that the plaintiff is "unable to pay such fees[.]" 28 § 1915(a)(1). Review of Plaintiff's Application demonstrates that her modest living expenses exceed her limited income. The Court will grant the Application.

**II.    Statutory Screening of *In Forma Pauperis* Complaint**

In reviewing an *in forma pauperis* complaint, the court must dismiss the case if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). District Courts apply the same standard when conducting statutory

screening and considering a Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127–29.

Additionally, the Court must have jurisdiction to hear the claims alleged in the complaint. Generally, this Court's jurisdiction is limited to cases arising under federal law or cases involving parties who are citizens of different states and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits of its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

**A. Complaint**

Plaintiff's Complaint contains the following factual allegations:

> I've had continuous unwanted/illegal entrances including key access once locks were changed. Companies are aiding & abetting those involved in my losses and my daughters losses. . . . I have been victimized in my sleep. Losses occur when we leave the homes. I am being given substances without my knowing[.] My opportunities for jobs & verified identity as a

>living person/self right to be included. Vandalism to Porsche Cayenne 2006[.] . . . Losses to gift / recent Brooks Brothers leather jacket May of 2023[.] Losses to items tampered with (receipts) & stolen.

(Doc. 1 at 4.) As relief, Plaintiff seeks punitive damages, the "identity [of] parties entering my home where I have stated no entering," and "communications restored to individual (self) current phone & past problems." (*Id.* at 4–5.)

Plaintiff's Complaint does not comply with Rule 8(a) and fails to state a claim upon which relief can be granted. Plaintiff does not specify which claims or causes of action she seeks to bring against the named defendants. The Complaint's "Statement of Claim" is limited to allegations that unknown persons at unknown times have entered her property and caused unspecified losses. This is insufficient factual matter to state a claim to relief that is plausible on its face; it does not allow the Court to draw the inference that Defendants are liable for the alleged misconduct.

Further, Plaintiff has not alleged a federal claim over which the Court may exercise jurisdiction. Plaintiff asserts that a federal question is the basis for the Court's jurisdiction. (Doc. 1 at 3.) The Complaint does not allege that Plaintiff's claims arise under federal law or the United States Constitution; to the extent that her allegations may be construed as claims for invasion of privacy, trespass, or conversion, those causes of action arise under state law. Thus, there is no basis for the Court to exercise federal question jurisdiction here. Nor does Plaintiff's Complaint provide a basis for the exercise of diversity jurisdiction, because it alleges that Plaintiff resides in Arizona and a number of the named defendants are residents of Arizona. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires "complete diversity" of citizenship, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Demarest v. HSBC Bank USA*, 920 F.3d 1223, 1226 (9th Cir. 2019). Thus, the Court must dismiss Plaintiff's Complaint.

### B. Dismissal without Leave to Amend

When a district court screens an *in forma pauperis* complaint and determines that it fails to state a claim on which relief may be granted, the court must dismiss the complaint.

28 U.S.C. § 1915(e)(2). It is within the court's discretion to determine if dismissal with prejudice or with leave to amend is appropriate. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Here, Plaintiff has failed to state a federal claim and it is clear from the face of the Complaint that the Court lacks subject matter jurisdiction over this action. The addition of facts would be unlikely to remedy this deficiency. The Court will deny leave to amend.

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2.) is **GRANTED**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice** and without leave to amend.

3. The Clerk of Court is directed close the file in this action.

Dated this 12th day of June, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge